JOHN D. WILLIAMS AND SUZANNE M. WILLIAMS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 25058-88
United States Tax Court
T.C. Memo 1990-130; 1990 Tax Ct. Memo LEXIS 130; 59 T.C.M. (CCH) 88; T.C.M. (RIA) 90130; March 13, 1990
John D. Williams, pro se. John E. Budde, for the respondent. RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1982 and 1983 in the respective amounts of $ 7,606.00 and $ 11,300.56, and an addition to tax under section 6651(a)(1) [1] for the taxable year 1983 in the amount of $ 157.60. *131 After concessions, the issues for decision are: (1) Whether petitioners are entitled to deduct $ 1,800 claimed as a casualty loss for the year 1982; (2) whether petitioners are entitled to deduct expenses for the Schedule C activity "consulting business" for the years 1982 and 1983; and (3) whether petitioners timely filed their 1983 Federal tax return within the time prescribed by law. At the calendar call, the parties agreed to submit the case for decision on the basis of the stipulation of facts and attached exhibits, which are incorporated herein by this reference. Petitioners resided in Ohio when they filed their petition in this case. Petitioners filed joint Federal income tax returns for the taxable years 1982 and 1983 with the Internal Revenue Service Center at Cincinnati, Ohio. Petitioners bear the burden of proof as to each of the issues in dispute. Rule 142(a). Petitioners claimed a casualty loss deduction on their 1982 return in the amount of $ 1,800. An examination of the stipulation of facts and exhibits fails to reveal any explanation of the purported casualty loss or facts to substantiate that a deductible loss occurred in 1982. Petitioners claimed $ *132 2,906 as deductions on Schedule C of their 1982 return as expenses related to petitioner's consulting business. They also claimed $ 9,568 as deductions on Schedule C of their 1983 return as expenses related to petitioner's consulting business. Of this latter amount, petitioners have conceded that respondent properly disallowed $ 4,160.50 consisting of claimed depreciation in the amount of $ 3,070.50, claimed insurance expenses in the amount of $ 400.00, and claimed entertainment expenses in the amount of $ 690.00. An examination of the stipulation of facts and attached exhibits fails to reveal any facts to substantiate the Schedule C expenses claimed on peititoners' 1982 and 1983 returns. Finally, the copy of petitioners' 1983 return shows that it was stamped as received by the Internal Revenue Service on May 11, 1984. This return would have been due on April 16, 1984. [2] Nothing in the record indicates that petitioners requested an extension of time in which to file their 1983 return, and they offered no evidence to explain their apparent delinquent filing. Petitioners requested an opportunity to file a post-trial brief, *133 and they were given 30 days from the date of trial in which to do so. On March 2, 1990, 39 days after the trial, petitioners' brief was received by the Court with an explanation that it was untimely because they had originally sent the brief to the wrong address. We have considered the arguments in petitioners' brief. However, the contents of the brief and attachments to it cannot be considered as evidence. We find that petitioners have failed to meet their burden of proof with respect to the three contested issues. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. April 15, 1984, was a Sunday. See sec. 7503.↩